EX PARTE BILL PARTRIDGE

No. 27,347. January 26, 1955.
Rehearing Denied (Without Written Opinion)
March 9, 1955.

*Connor W. Patman*, Texarkana, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from an order of the Judge of the 102nd Judicial District Court remanding appellant to the custody of the sheriff of Bowie County for delivery to the agent of the State of Alabama.

We shall discuss the contentions advanced by appellant's able attorney in his brief and argument.

He first contends that the three days allowed him by the court to prepare for the hearing on the writ of habeas corpus was too short a time. Section 10 of Article 1008a, V.A.C.C.P., provides that before a prisoner is turned over to an agent for extradition he shall be carried before a magistrate who shall "fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus." We do not hold that three days is a reasonable time in every case but do hold that in a case, such as we have here, where the appellant makes no showing that he was deprived of any evidence which he might have presented at the hearing because of the shortness of time, no abuse of judicial discretion is shown.

He next contends that the demand of the Governor of Alabama is not sufficient to comply with the terms of Section 3 of the Uniform Extradition Act and that it does not constitute a sufficient basis for the issuance of the warrant of the Governor of Texas because the demand recites that the appellant "stands charged with the crime of grand larceny and escape after conviction of said crime," whereas, the warrant of the Governor of Texas recites that the appellant had been convicted.

As we interpret the above quoted allegation, it says that the appellant had been convicted of grand larceny and was charged with the substantive offense of escaping after having been convicted for such crime. Though not in the phraseolgy we would have used, we think that the above interpretation is the only logical one that could be made consistent with the normal sequence of events. Either allegation would have been sufficient to authorize extradition.

The Governor of Texas had before him the judgment of appellant's conviction and an affidavit of his escape which authorized the issuance of the warrant in question.

Appellant's next complaint requires fuller discussion. He contends that he is not a fugitive from justice because of the

following facts which are deducible from his testimony and evidence introduced in his behalf.

Appellant was convicted in the State of Alabama in 1938 and received a sentence of not less than 2 nor more than 5 years. While incarcerated under such sentence and on March 2, 1940, he escaped and came to Texas. In April, 1943, appellant was arrested while in Galveston, Texas, and held for a transfer agent from the State of Alabama; his employer wired the Alabama Assistant Prison Administrator asking that appellant be released in his custody because he was then engaged in war work. Such administrator answered that he would not molest appellant as long as he was so employed and suggested that appellant's employer make application to the appellant's Alabama Pardons and Paroles Board for him. There is no showing that his advice was ever heeded.

Following this, the appellant was again arrested in February, 1944, at the same place, and his employer again wired the Alabama Prison Administrator, telling him that appellant was still in his employ, and asked that he again be released to him. The Alabama Prison Administrator wired the Galveston police to release the appellant to his employer. At the same time Senator Stone wired the administrator in appellant's behalf, and this was answered by a wire from the secretary to the Governor of Alabama and one from the Alabama Prison Administrator, each stating that Alabama's request for extradition had been withdrawn.

Nothing further transpired until January, 1952, when the appellant was convicted in the Federal Court at Texarkana, and the State of Alabama placed a detainer with the correctional institution where he was incarcerated. Appellant served his sentence and was turned over to the custody of the sheriff of Bowie County to hold under such detainer, and a new demand for extradition was honored by the Governor of Texas. This gave rise to the present habeas corpus proceedings.

It is appellant's position before this court that he has served the Alabama sentence because he was "in custody of John Hill," his employer, during the time he worked for him in Galveston. He relies upon two recent opinions of this court in Ex parte Griffin, 158 Texas Cr. Rep. 570, 253 S.W. 2d 324, and Ex parte Morgan, 159 Texas Cr. Rep. 241, 262 S.W. 2d 728. In Ex parte Moneyhum, No. 27,330, recently decided (page 19, this volume) we had occasion to write further on the rule expressed in those

cases and pointed out that they had no application to a situation where the prisoner himself is the moving force in securing his release from prison. Here, the appellant escaped from prison originally, and the sole legal effect of the 1943 and 1944 recalls of the demand of the State of Alabama was to delay the evil day, which has now arrived, when the appellant will have to be returned to the State of Alabama. If the courts of that state see fit to give appellant credit for the time he has been at large, then they have our blessing.

The judgment of the trial court is affirmed.