Ex parte Raymond LANDERS, Alias Raymond Landis, Alias Nimo Nalto, Appellant.

No. 35504.

Court of Criminal Appeals of Texas.

March 20, 1963.

Rehearing Denied April 24, 1963.

Robert C. Benavides, Dallas, for appellant.

Henry Wade, Dist. Atty., George Milner, James H. Miller and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding the appellant to custody to be extradited to the State of Mississippi to answer an indictment charging Nimo Nalto and others with robbery with firearms, alleged to have been committed on November 10, 1959, in Harrison County.

Certified copy of the indictment, capias and affidavits of the persons alleged to have been robbed were introduced at the hearing, the affidavits identifying photographs attached thereto as photographs of the person indicted under the name of Nimo Nalto, and of one of the persons who committed the robbery.

The application for requisition, the Demand of the Governor of Mississippi and the Executive Warrant of the Governor of Texas were also introduced in evidence at the hearing.

The appellant called his wife and stepdaughter as witnesses whose testimony was to the effect that the appellant was with them in New Orleans, Louisiana on November 10, 1959, and they attended a birthday party on that night at a friend's home.

The trial judge had before him the photographs, the affidavits and the appellant, and it is apparent that he did not accept the testimony offered by the appellant as sufficient to show that he was not in the State of Mississippi when the robbery was committed, and could not be the person sought to be extradited.

■ Delgado v. State, 158 Tex.Cr.R. 52, 252 S.W.2d 935; Ex parte O'Connor, Tex.

Cr.App., 336 S.W.2d 152, and Ex parte Green, Tex.Cr.App., 340 S.W.2d 821, are deemed authority for our holding that the trial judge was authorized, under the evidence, to remand the appellant for extradition.

■ The claimed abuse of discretion on the part of the trial court in overruling appellant's motion for continuance is not sustained. The record shows that the Executive Warrant, Requisition and supporting documents demanded by appellant and his counsel were furnished before the hearing began. The record does not show that a prior demand was made, and there is no showing of injury.

Appellant contends that the record fails to show that he is or was substantially charged with a criminal offense in the State of Mississippi.

This contention is predicated upon the fact that the indictment purports to bear the signature of Boyce Holleman, the District Attorney.

We note that the indictment bears the endorsement: "A TRUE BILL: W. H. Patenotte, Foreman of the Grand Jury", and the copy offered in evidence is certified by the Clerk of the Circuit Court as a true and correct copy of the original indictment "returned by the Grand Jury of Harrison County, Mississippi at the December 1959 Term of this Court."

■ We note further that although Art. 396 C.C.P. relating to Requisites of an indictment provides, in Section 9, "It shall be signed officially by the foreman of the grand jury," such signature is not essential to the validity of the indictment. Ex parte King, 156 Tex.Cr.R. 231, 240 S.W.2d 777, and other cases cited under Art. 396, Note 21, Vernon's Ann.C.C.P.

The order remanding the appellant to custody for extradition is affirmed.