James Arthur GUYE, Appellant,

v.

The STATE of Texas, Appellee.

No. 46864.

Court of Criminal Appeals of Texas.

Nov. 28, 1973.

Rehearing Denied Dec. 12, 1973.

John Ellis, Dallas, for appellant.

Henry Wade, Dist. Atty., William J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted of the offense of rape and punishment was assessed at 1,200 years' confinement.

Four grounds of error are raised on appeal.

Appellant first alleges that the trial court erred in failing to grant his motion for continuance. Such motion was filed on the morning the trial began and stated: (1) that appellant had not had enough time to prepare his case, (2) that appellant had not had sufficient time to raise the bond so that he could be released and help secure information necessary to his defense, and (3) that defense counsel had not had enough time to discover "any information in regard to the prosecutrix in this case."

The offense occurred on July 23, 1971, and an indictment was returned against the appellant on August 23, 1971. The record reflects that appellant's counsel was appointed on September 1, 1971, and the trial began on September 22, 1971.

Appellant's motion in this case was obviously based upon equitable rather than statutory grounds and, as such, was necessarily addressed to the discretion of the

trial court. Coleman v. State, 481 S.W.2d 872 (Tex.Cr.App.1972). We find no abuse of discretion and appellant's contention is overruled.

Next, appellant urges that the court erred in failing to grant his motion for mistrial following the introduction of hearsay evidence. At this point, the facts need to be briefly recited.

The prosecutrix testified that while she was in a laundry room of her apartment complex appellant entered, holding a gun. He demanded money and the prosecutrix retrieved twenty-five cents from a machine and gave it to the appellant. He then ordered her to remove her clothes, holding the gun to her head; she complied and then was forced to lie on a bench inside the laundry room. The appellant then threw a towel over her face and again placed the gun to her head and forced her to have intercourse with him.

The appellant testified that he was waiting for a bus when the prosecutrix approached him and asked him to walk with her. They went into the laundry room and, according to appellant, they then engaged in sexual intercourse, the prosecutrix having offered herself to appellant. He testified that he was carrying a gun at that time, but only "for protection."

The hearsay issue arose when a neighbor of the prosecutrix testified that she had observed the appellant walking back and forth near the laundry room on the morning in question. She observed the appellant some twenty or thirty minutes and then left the window. Over objections of hearsay, the witness was able to convey the fact that she returned to the window after her son informed her that appellant had followed the prosecutrix into the laundry room.

The State argues that it was not hearsay since the testimony was not offered to actually prove that appellant followed the prosecutrix into the laundry room, but only to show *why* the neighbor returned to the window. We are not inclined to agree with such a theory. However, it matters little at this point whether such hearsay testimony was admitted.[1] Such testimony was given by the appellant himself. He testified that he and the prosecutrix did not walk in together—that he waited until she was inside, then entered. The only contested issue before the jury was the voluntariness of the sexual act and any error in admitting these hearsay statements was cured by appellant's own testimony.

In his third ground, appellant brings forth the argument that the State's closing argument was improper. We are referred only to the entire State's argument and no specific objectionable argument is mentioned. No authorities are cited. The ground of error does not comply with Art. 40.09, Vernon's Ann.C.C.P., and will not be considered.

Likewise, the final ground is not in compliance with the statute. It attempts to "incorporate by reference" several motions made before the trial court. Nevertheless, these motions have been reviewed and we find them to be without merit.

Appellant's pro se brief has been examined, but we find no meritorious arguments contained therein.

The judgment is affirmed.

---

1. The appellant's objections to the evidence were sustained during the trial and instructions to disregard were issued.