Ex parte Gary A. TAYLOR.

No. 50650.

Court of Criminal Appeals of Texas.

Dec. 17, 1975.

———

Terrence A. Gaiser, Stuart Kinard, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Don Lambright, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from an order remanding appellant to custody for extradition to the State of Washington.

Appellant contends he was denied a reasonable time to apply for a writ of habeas corpus and prepare for a hearing on such application, to test the legality of his arrest, in violation of Article 51.13, Section 10, V.A.C.C.P. That Section provides in relevant part:

"No person arrested upon such warrant shall be delivered over to the agent whom the Executive Authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this State, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, *the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus.*" (Emphasis added.)

The record reflects that the Governor's Warrant was received by the Harris County Sheriff's Department on Thursday, June 26, 1975, and a "hold" placed upon appellant, on authority of that warrant, at that time. Therefore, appellant was under arrest on authority of that warrant beginning on June 26. The record further reflects that appellant and counsel first received a copy of the extradition papers at 10:45 on the morning of Monday, June 30, 1975, the date upon which the hearing was conducted, and that a few minutes thereafter appellant was first brought before a judge of a court of record as required by the above quoted provision. At this time appellant through counsel stated that he desired to test the legality of arrest by application for writ of habeas corpus and requested a reasonable

time in which to investigate the facts, research the law and prepare the application and for the hearing thereon. The judge insisted that the application must be made and the hearing held on that same day, and recessed the proceeding for two hours, to 1:30 p. m. After the recess appellant reurged his motion for continuance, offered further evidence thereon, and proceeded with the filing of his application and hearing thereon only upon directions from the court over his objection and announcement of not ready.

In *Ex parte Turner*, 410 S.W.2d 639, this Court held indigents are entitled to appointed counsel in extradition proceedings, and quoted with approval from *People ex rel. Harris v. Ogilvie*, 35 Ill.2d 512, 221 N.E.2d 265, in which the Supreme Court of Illinois stated:

> "Even though the issues in a habeas corpus proceeding under the Uniform Criminal Extradition Act are limited to certain questions, we think it clear that legal expertise is necessary to consider and properly raise such pertinent questions as whether the requirements of the act have been complied with, whether the various extradition papers are in proper form, whether the arrested person is in fact a fugitive from justice subject to extradition, and whether he is in fact a person charged with a crime in the demanding State. Very few persons would be able to represent themselves adequately in an extradition hearing without the advice and assistance of counsel."

This rationale which requires availability of counsel in the first place also dictates that "a reasonable time be allowed" to prepare and submit application for a writ of habeas corpus. Of what use can counsel be if he has had no time to study the extradition papers, the facts, and the law, in preparation for the hearing on the application?

In *Ex parte McCarthy*, Tex.Cr.App., 472 S.W.2d 759, it was held that no abuse of discretion was shown in the overruling of the applicant's motion for continuance where the record revealed that he had been delivered a copy of the extradition papers two days prior to the hearing, and nothing further was shown which would indicate that such time was insufficient to adequately prepare.

In *Ex parte Partridge*, 161 Tex.Cr.R. 185, 275 S.W.2d 682, it was contended that three days was insufficient time to prepare for the hearing. The opinion in that case stated:

> "We do not hold that three days is a reasonable time in every case but do hold that in a case, such as we have here, where the appellant makes no showing that he was deprived of any evidence which he might have presented at the hearing because of the shortness of time, no abuse of judicial discretion is shown."

In the instant case, as in *Partridge*, there was no showing that appellant was deprived of any evidence which he might have presented. However, in this case, unlike *Partridge*, appellant was given less than three hours after service of the Governor's Warrant to prepare, and while it is proper that an applicant who has had three days to prepare should be required to demonstrate why more time is needed, no such showing is required where an applicant, such as appellant in this case, has been given virtually no time at all to prepare.

We find that the trial court abused its discretion in denying appellant's motion for continuance because the record reflects that appellant was not given a reasonable time to prepare for presentation of the application for writ of habeas corpus.

The order of the trial court below that appellant be delivered to the agents of the Governor of the State of Washington for extradition to that State is vacated. If appellant still "desire[s] to test the legality of his arrest," the trial court below "shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus."

It is so ordered.

DOUGLAS, Judge (dissenting).

The majority reverses because the trial court refused to grant a continuance.

Appellant received a copy of the extradition papers at approximately 10:45 a. m., June 30, 1975. Appellant requested a continuance to examine the papers. The trial court recessed the extradition proceeding until approximately 1:30 p. m., June 30, 1975.

Appellant's attorney testified that he knew that the extradition papers were available for his inspection in the sheriff's office on June 27, 1975.

Appellant has made no showing that he was injured by the refusal of the trial court to delay the proceedings. A similar question was presented in *Ex parte Landers*, 366 S.W.2d 567 (Tex.Cr.App.1963). In *Landers*, this Court wrote:

"The claimed abuse of discretion on the part of the trial court in overruling appellant's motion for continuance is not sustained. The record shows that the Executive Warrant, Requisition and supporting documents demanded by appellant and his counsel were furnished before the hearing began.[1] The record does not show that a prior demand was made, and there is no showing of injury."

In the instant case appellant did not contend at the extradition hearing or on appeal that he was injured by the refusal of the trial court to grant a continuance. He does not now contend that he has found some error in the executive warrant or supporting papers that would have assisted him if he had been given more time. Absent a showing of harm, the judgment should be affirmed.

[1] An examination of the records on file in this Court in *Ex parte Landers, supra*, indicates that the extradition papers were served on Landers five minutes before the scheduled time for the extradition hearing.