**Alfred Woodrow WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–95–00539–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 3, 1997.

Loren A. Detamore, Houston, for appellant.

Rikke Burke Graber, Houston, for appellee.

Before ROBERTSON, DRAUGHN and GEORGE T. ELLIS, JJ.*

## OPINION

GEORGE T. ELLIS, Justice (Assigned).

Appellant appeals his conviction for the offense of possession of less than twenty-eight grams of cocaine. The jury found appellant guilty. Punishment, enhanced by proof of two prior felony convictions, was assessed by the jury at thirty years confinement. Appellant poses three points of error, none of which challenge the sufficiency of the evidence. We affirm.

In his first point of error, appellant claims the visiting judge, a former judge of the 184th District Court, lacked authority to preside at appellant's trial. Appellant's case was originally set for trial in the 232nd District Court. Because of the backlog existing in the 232nd District Court, several other district courts, including the 262nd District Court, were assisting the 232nd in its case load. On March 31, 1995, the presiding judge of the Second Administrative Judicial Region of Texas assigned the Honorable Robert Burdette, former judge of the 184th District Court, to the 262nd District Court.[1] The assignment was to extend for a period of five weeks beginning April 3, 1995. Appellant's trial commenced in the 262nd District Court on May 10, 1995, with Judge Burdette presiding. Appellant contends that because

Judge Burdette's assignment expired on May 7, 1995, the judge lacked jurisdiction to hear the case.

It is well settled that the proper method to challenge the authority of the trial judge is to bring a direct action through a quo warranto proceeding rather than by a collateral attack on appeal. *Archer v. State,* 607 S.W.2d 539, 543 (Tex.Crim.App. [Panel Op.] 1980), *cert. denied,* 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981); *see also Keen v. State,* 626 S.W.2d 309, 311–12 (Tex. Crim.App.1981); *Tart v. State,* 642 S.W.2d 244, 246 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Appellant concedes that prior to trial he failed to object to, or otherwise challenge, Burdette's authority to act as the presiding judge.[2] By failing to object in a proper and timely manner, appellant has waived his right to complain about the validity of the judge's assignment. *Parker v. State,* 745 S.W.2d 934, 937–38, (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). Appellant's first point of error is overruled.

In his second point of error, appellant contends the trial court erred in denying his motion for a continuance. The record shows that Joy Vandervort was appointed as appellant's trial counsel on May 5, 1993. Due to the trial court's backlog, the case was reset several times and was eventually set for trial on May 8, 1995. On April 19, 1995, Vandervort withdrew as appellant's counsel due to medical reasons. The following day, April 20, 1995, Alan Cohen was appointed as substitute counsel. On May 8, 1995, Cohen filed a motion for continuance which stated that because he was unable to successfully negotiate a plea bargain, he needed "additional time to investigate the facts, research case law and file appropriate pre-trial motions." The trial court denied the motion, and the case proceeded to trial on May 10, 1995.[3]

---

* Panel sitting by assignment.

1. *See* Tex. Gov't Code Ann. §§ 74.054, 74.056 (Vernon 1988) (allowing for the assignment of former district judges).

2. We note that appellant does not challenge Judge Burdette's qualifications to hold office. Whether a judge *is* disqualified as a matter of law is an objection which may be raised for the first

time on appeal. *See Johnson v. State,* 869 S.W.2d 347, 348–49 (Tex.Crim.App.1994); *Ex parte Vivier,* 699 S.W.2d 862, 863 (Tex.Crim.App. 1985).

3. Trial counsel re-urged the motion for continuance just prior to trial on May 10, 1995. The trial court again denied the motion.

Appellant points out that the Court of Criminal Appeals has enumerated several considerations which should guide the trial court in ruling on a motion for a continuance. *Ex parte Windham,* 634 S.W.2d 718, 720 (Tex.Crim.App.1982). These considerations include: (1) the length of the delay requested; (2) whether other continuances were requested; (3) the length of time the accused's counsel had to prepare for trial; (4) whether another competent attorney was prepared to try the case; (5) the balanced convenience or inconvenience to the witnesses, opposing counsel, and the trial court; (6) the legitimacy of the reasons for the delay; (7) the complexity of the case; (8) whether a denial of the motion resulted in some identifiable harm to the defendant; and (9) the quality of the legal representation actually provided. *Id.* at 720. Appellant seems to argue that because several of the *Windham* factors weigh in his favor, the trial court erred in denying his motion for continuance. We disagree.

■ The granting or denial of a motion for continuance is vested in the sound discretion of the trial court. *Duhamel v. State,* 717 S.W.2d 80, 83 (Tex.Crim.App.1986), *cert. denied,* 480 U.S. 926, 107 S.Ct. 1387, 94 L.Ed.2d 701 (1987). Therefore, when reviewing the trial court's denial of a motion for continuance, we must determine whether the trial court abused its discretion in denying the motion. *Heiselbetz v. State,* 906 S.W.2d 500, 511 (Tex.Crim.App.1995). To establish an abuse of discretion, the appellant must show he was actually prejudiced by counsel's inadequate preparation time. *Duhamel,* 717 S.W.2d at 83.

■ In this case, appellant argues that nineteen days was inadequate to prepare his defense. In *Hernandez v. State,* 643 S.W.2d 397 (Tex.Crim.App.1983), the appellant argued that a period of twenty-four days was insufficient for counsel to prepare for a capital murder trial. The court held, in pertinent part:

Although this is a relatively short time for preparation in a case where the State is seeking the death penalty, no specific, seri-

ous matter has been raised by the appellant and the record does not otherwise show that the appellant's defense was prejudiced by counsel not having more time to prepare for trial.

*Id.* at 399–400.

In this case, as in *Hernandez,* the record does not support appellant's contention that counsel had inadequate time to prepare for trial. During the nineteen days before trial, the record indicates that defense counsel (1) negotiated two different plea bargain arrangements (both of which were rejected by the appellant);[4] (2) investigated the scene of the incident; (3) took photographs of the area where appellant was arrested; and (4) prepared a necessity defense. The record also shows that at trial, defense counsel attacked the credibility of the arresting officers and attempted to show that the officers unlawfully stopped appellant the night of the arrest. Nevertheless, appellant argues that "with additional time, it seems probable that counsel could have obtained witnesses [to assist appellant in his defense]." We cannot conclude the trial court abused its discretion in denying the motion for continuance based on appellant's unsupported assertion that counsel needed more time to prepare for trial. *See Hernandez,* 643 S.W.2d at 399–400.

Appellant has failed to establish any specific prejudice to his case arising from the trial court's denial of the motion for continuance. In fact, the record indicates that defense counsel did have adequate time to prepare, and did prepare, an adequate defense to the charged offense. *See Sanne v. State,* 609 S.W.2d 762, *cert. denied, Skillern v. Texas,* 452 U.S. 931, 101 S.Ct. 3067, 69 L.Ed.2d 432 (1981) (holding twenty-two days as sufficient to prepare a defense in capital murder case); *Guye v. State,* 501 S.W.2d 675 (Tex. Crim.App.1973) (holding twenty days as sufficient to prepare a defense in sexual assault case); *Reeves v. State,* 632 S.W.2d 662 (Tex. App.—Amarillo, 1982, no pet.) (holding sixteen days as sufficient to prepare a defense

---

4. In the second plea bargain arrangement negotiated by counsel, appellant would have received ten years deferred adjudication. Appellant rejected the State's offer.

in sexual assault of a child case). Appellant's second point of error is overruled.

In his third point of error, appellant claims the trial court erred in not sentencing him as a state jail felon. Appellant was charged by indictment with the offense of possession of less than twenty-eight grams of a controlled substance, alleged to have been committed on or about May 4, 1993. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 1994). At the time of the alleged offense, the crime for which appellant was convicted was a second degree felony, punishable by a term of two to twenty years confinement and a fine not to exceed $10,000.00. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 1994); TEX. PENAL CODE ANN. § 12.33(a), (b) (Vernon 1994). However, because appellant pled "true" to two prior felony convictions, the range of punishment increased to twenty-five years to life. *See* TEX. PENAL CODE ANN. § 12.42(d) (Vernon 1994). The trial court assessed punishment at thirty years imprisonment.

On appeal, appellant points out that in May 1993, the legislature amended the Texas Health and Safety Code and Penal Code to make possession of less than one gram of cocaine a state jail felony, punishable by a term of 180 days to two years and a fine not to exceed $10,000.00. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 2.02, 1993 Tex. Gen. Laws 3586, 3705; TEX. PENAL CODE ANN. § 12.35(a),(b) (Vernon Supp.1995).[5] Appellant argues that because the amount of cocaine involved in his case was less than one gram, the state jail felony amendment should apply to reduce his sentence.

■ Senate Bill 1067, which included the amendments to the health and safety code, included a "saving provisions" clause which stated:

(a) The change in law made by this article applies only to an offense committed on or after the effective date of this article. For purposes of this section, an offense is committed before the effective date of this article if any element of the offense occurs before the effective date.

(b) An offense committed before the effective date of this article is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.

Act approved June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.18, § 2.08, 1993 Tex. Gen. Laws 3586, 3705, 3714. In the present case, it is undisputed that appellant committed the offense before September 1, 1994, the effective date of the relevant amendment. Nevertheless, appellant contends the "saving provisions" clause of the Code Construction Act, TEX. GOV'T CODE ANN. § 311.031(b) (Vernon 1988) requires that his sentence be determined pursuant to the amended version of TEX. GOV'T CODE ANN. § 481.115(b) (Vernon Supp.1997).[6] Although the Code Construction Act generally applies to all reenactments, revisions, amendments, and repeals of any of the Texas codes, we decline to apply § 311.031(b) in the instant case.

As noted, the legislature included specific "saving provisions" clauses within Senate Bill 1067. In so doing, we believe the legislature expressed a clear intention that the law in effect at the time the offense was committed would govern the disposition of cases involving offenses committed prior to September 1, 1994. The Court of Criminal Appeals has also held that specific enabling legislation supercedes § 311.031(b) of the government code. *See Ex parte Mangrum*, 564 S.W.2d 751, 755 (Tex.Crim.App. [Panel Op.] 1978). Furthermore, § 311.026(b) of the government code provides that when two statutes conflict, the specific controls over the general, particularly when the specific provision is the later enactment. TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 1988). We therefore hold that § 311.031(b) of the government code does not apply to the 1994 amendments

---

5. The amendment is effective for offenses committed on or after September 1, 1994. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 2.08, § 2.09, 1993 Tex.Gen.Laws 3586, 3714.

6. Section 311.031(b) provides that "if the penalty, forfeiture, or punishment for any offense is reduced by a reenactment, revision, or amendment of a stature, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." TEX. GOV'T CODE ANN. § 311.031(b) (Vernon 1988).

to the health and safety and penal codes. The trial court did not err in sentencing appellant in accordance with TEX. PENAL CODE ANN. § 12.42(d) (Vernon 1994). Appellant's third point of error is overruled.[7]

The judgment of the trial court is affirmed.

---

**7.** Appellant also argues that *State v. Mancuso*, 919 S.W.2d 86 (Tex. Crim App.1996) requires this case be remanded for re-sentencing. We disagree. In *Mancuso*, the Court found that a defendant who committed the crime in question *after* September 1, 1994 (the effective date of the amended provisions of the health and safety and penal codes) could not be punished as a habitual

offender. However, *Mancuso* is inapplicable to cases, where, as here, the crime was committed *before* September 1, 1994.