NUMBER 13-02-478-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




ERASMO LEAL,                                                                Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 105th District Court
of Nueces County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Castillo and Kennedy



Opinion by Justice Castillo

 
         The State charged appellant Erasmo Leal with credit card abuse, a third-degree
felony at the time of his commission of the offense.


 In a single issue on appeal, Leal
complains that the sentence imposed by the trial court was cruel and unusual. By the
time the trial court sentenced him to five years imprisonment, Leal argues, credit card
abuse was a state jail felony. 
I. PROCEDURAL BACKGROUND
         The State indicted Leal for the offense of credit card abuse, which it alleged to
have occurred on July 23, 1994. Leal initially pleaded guilty. The trial court deferred
an adjudication of guilt and placed Leal on community supervision for five years. In
all, the State filed four motions to revoke Leal's community supervision. Based on the
first and second revocation motions, the trial court sanctioned Leal. After a hearing
on the third motion, the trial court adjudicated Leal's guilt, assessed punishment at five
years confinement, suspended the sentence, and again placed him on community
supervision, this time for five more years.


 
         On August 9, 2002, Leal pleaded "not true" to the State's fourth revocation
motion. Following a hearing, the trial court revoked Leal's community supervision and
sentenced him to five years confinement. Leal objected that he should have been
sentenced as a state jail felon. It is this sentence that Leal complains about on appeal. 
 II. THE LAW
         Between Leal's indictment and final sentencing, the Texas Legislature
reduced the crime of credit card abuse to a state jail felony. See Tex. Pen. Code
Ann. § 32.31(d) (Vernon 2003). Effective September 1, 1994, the unenhanced
penalty for credit card abuse is confinement in a state jail for a term of not more than
two years, nor less than one hundred and eighty days, together with a fine not to
exceed $10,000. See Tex. Pen. Code Ann. § 12.35(a), (b) (Vernon 2003). The
enabling legislation to the 1994 amendment included a "saving provision":
(a)The change in law made by this article applies only to an
offense committed on or after the effective date of this article. For
purposes of this section, an offense is committed before the effective
date of this article if any element of the offense occurs before the
effective date.
 
(b)An offense committed before the effective date of this
article is covered by the law in effect when the offense was committed
and the former law is continued in effect for that purpose. 

Act of June 19, 1993, 73d Leg., R.S., ch. 900, §1.18, 1993 Tex. Gen. Laws 3705. 
On its face, the legislature's express intent conflicts with the saving provision of the
Code Construction Act:
If the penalty, forfeiture, or punishment for any offense is reduced by a
reenactment, revision, or amendment of a statute, the penalty, forfeiture,
or punishment, if not already imposed, shall be imposed according to the
statute as amended. 

Tex. Gov't Code Ann. § 311.031(b) (Vernon 1998). 
III. ANALYSIS
         Texas courts have rejected application of the saving provision of the Code
Construction Act to reduce the penalty range in cases governed by statutory
amendments to penal code provisions.  See, e.g., Wilson v. State, 944 S.W.2d 444,
447-48 (Tex. App.–Houston [14th Dist.] 1997), aff'd on other grounds, 977 S.W.2d
379 (Tex. Crim. App. 1998) (possession of a controlled substance). Specific enabling
legislation supercedes the more general saving provision of section 311.031(b). 
Wilson, 944 S.W.2d at 447 (citing Ex parte Mangrum, 564 S.W.2d 751, 755 (Tex.
Crim. App. [Panel Op.] 1978)). 
         Leal committed the offense for which he was sentenced before September 1,
1994, the effective date of the amendment to section 32.31(d). The trial court
imposed a sentence within the range provided by law, for the offense for which Leal
was convicted, at the time he committed the offense. Leal does not assert on appeal
that the punishment itself is disproportionate. Under these circumstances, it is
not within our province to assess the propriety of the sentence. See Puga v.
State, 916 S.W.2d 547, 550 (Tex. App.–San Antonio 1996, no pet.). Therefore, we
hold that Leal's sentence, which the trial court correctly imposed pursuant to the law
in effect when Leal committed the offense, was not cruel and unusual punishment. 
See id.                                                
IV. CONCLUSION
         We overrule Leal's sole issue. We affirm the judgment of the trial court. 

                                                                        ERRLINDA CASTILLO
                                                                        Justice

Justice Noah Kennedy not participating.

Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 6th day of January, 2004.