NUMBER
13-04-277-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

JOHNNY LEROY FORSYTH,                                       Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                   On
appeal from the 24th District Court

                           of
Calhoun County, Texas.

_ 
_________________________________________________________________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant, Johnny
Leroy Forsyth, was indicted for driving while intoxicatedBthird offense.  See Tex.
Pen. Code Ann. ' 49.04
(Vernon 2003); id. ' 49.09(b) (Vernon Supp. 2004-05).  Waiving a jury trial, appellant pleaded
"guilty" and was sentenced to five years in the Texas Department of
Criminal Justice, Institutional Division (TDCJ), suspended to five years community
supervision.  Approximately one year
later, the State filed a motion to revoke appellant's community
supervision.  At the revocation hearing,
appellant announced "not ready" and requested a continuance and new
counsel.  The trial court denied appellant's
request for new counsel.  Subject to the
request for continuance, appellant announced "ready" and entered a
plea of "not true" to the allegations.  After hearing testimony and argument of
counsel, the trial court determined appellant had violated his community
supervision.  It assessed punishment at
the original five years in the TDCJ. 
Appellant appeals the revocation and sentence.[1]

Concluding the appeal is frivolous, appellant's counsel filed a brief
in which he presented two potentially arguable issues.  The
trial court has certified that this case "is not a plea-bargain case, and
the defendant has the right of appeal as to [the] revocation hearing
only."  See Tex. R. App. P. 25.2(a)(2).  We affirm the trial court's judgment.

Because all issues of law are settled, our memorandum opinion only
advises the parties of the Court's decision and the basic reasons for it.  See
id. at 47.4.

I.  Compliance with Anders v. California








Appellant's
court-appointed counsel filed a brief in which he has concluded that there is
no reversible error reflected by the record. 
See Anders v. California, 386 U.S. 738, 744 (1967).  Appellant's brief meets the requirements of Anders.  Id. at 744-45; see High v. State,
573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978).  In compliance with Anders, counsel
presented a professional evaluation of the record and referred this Court to
what, in his opinion, are the only possible errors in the record that might
arguably support an appeal.  See
Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex.
Crim. App. 1974); see also High, 573 S.W.2d at 812.  Counsel certified to this Court that:  (1) he conscientiously reviewed the record
and researched the applicable law; (2) in his opinion, this appeal lacks merit
and is frivolous; (3) he set forth all points which might arguably support an
appeal; (4) he forwarded a copy of the brief to appellant with a letter
informing him of the filing of the brief which includes his request to withdraw
as counsel; and (5) he informed appellant of his right to access the appellate
record and to file a pro se brief.  See
Anders, 386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d
503, 509 (Tex. Crim. App. 1991) (en banc); High, 573 S.W.2d at 813.  More than thirty days have passed, and appellant
has not filed any pro se brief.  See
Anders, 386 U.S. at 744-45; see also High, 573 S.W.2d at 813.

II.  Motion for Continuance








As directed by Anders,
counsel raises possible error when the trial court denied appellant's motion
for continuance.[2]  See Tex.
Code of Crim. Proc. Ann. art. 29.03 (Vernon 1989) (providing a criminal
action may be continued on written motion, upon sufficient cause shown).  When the trial court called this case,
appellant requested a continuance because he did "not believe [he] had
sufficient time" to converse with his attorney.

A revocation
hearing may be continued on a showing of good cause.  See Tex.
Code Crim. Proc. Ann. art. 42.12 ' 21(b) (Vernon Supp. 2004-05).  The standard for review of the grant or
denial of a continuance is whether the trial court abused its discretion.  Janecka v. State, 937 S.W.2d 456, 468
(Tex. Crim. App. 1996) (en banc); Heiselbetz v. State, 906 S.W.2d 500,
511 (Tex. Crim. App. 1995) (en banc); Cooks v. State, 844 S.W.2d 697,
725 (Tex. Crim. App. 1992) (setting out decision to grant or deny motion for
continuance falls within sound discretion of trial judge).








We first note
that there is no written sworn motion for continuance in the record.  See Tex.
Code Crim. Proc. Ann. art. 29.08 (Vernon 1989) (requiring sworn motion
for continuance); see also Dewberry v. State, 4 S.W.3d 735, 755 (Tex.
Crim. App. 1999) (en banc) (providing that the denial of an unsworn motion for
continuance presents nothing for review). 
However, a trial court may address an unsworn oral motion for
continuance on equitable grounds.  See
Munoz v. State, 24 S.W.3d 427, 431 (Tex. App.BCorpus
Christi 2000, no pet.).  Where a motion
is based on an equitable ground such as inadequate preparation time, an
appellate court will not overturn the trial court's decision unless a clear
abuse of discretion is shown.  Id.
at 431-32; Coleman v. State, 481 S.W.2d 872, 873 (Tex. Crim. App. 1972)
(holding no abuse of discretion shown where appellant had one month to prepare
case); see Guye v. State, 501 S.W.2d 675, 676 (Tex. Crim. App. 1973)
(upholding denial of continuance in rape case where counsel had three weeks to
prepare); see also Ex parte Taylor, 531 S.W.2d 333, 334 (Tex. Crim. App.
1975) (continuance should have been granted where counsel had only three hours
to prepare for habeas corpus proceeding in connection with extradition
matter).  Before an abuse of discretion
will be found for the denial of a motion to continue, a defendant must show he
was prejudiced by counsel's inadequate preparation time.  Hubbard v. State, 912 S.W.2d 842, 843‑44
(Tex. App.BHouston [14th Dist.] 1995, no pet.) (citing Duhamel
v. State, 717 S.W.2d 80, 83 (Tex. Crim. App. 1986) (en banc)).

In this case,
appellant's trial counsel was appointed on June 3, 2002, more than  two months before the August 15 revocation
hearing.  During the hearing, appellant's
counsel reserved making an opening statement. 
He cross-examined the probation officer who testified that, in fact, no
other program had been provided for treatment of appellant's drug or alcohol
use and that many people who have such problems experience some sort of
denial.  Counsel also cross-examined the
program director of the organization that provides treatment at the substance
abuse felony program where appellant was assigned.  Although the witness's answers were not
necessarily beneficial to appellant, counsel cross-examined the witness for
several minutes.  Counsel then summarized
appellant's difficulties and asked the trial court to consider alternatives to
revocation and prison.

Based on our
review of the record, we agree with counsel that this issue presented for our
review is without merit.

 








III.  Motion for New Counsel

Appellate counsel
also raises, as a possible issue for our review, the trial court's denial of
appellant's motion for new trial counsel. 
Appellant filed the motion because his appointed trial counsel had advised
him that he might not be available to represent him on appeal, and appellant
wanted "an attorney who [could] do both the revocation hearing and also
immediately work on an appeal if, in fact, the revocation [hearing was
unsuccessful]."  However, "an accused
does not have the right to have his own choice of appointed counsel, and unless
he waives his right to counsel and chooses to represent himself, or shows
adequate reason for the appointment of new counsel, he must accept the counsel
appointed by the court."  Aguilar
v. State, 651 S.W.2d 822, 823-24 (Tex. App.BHouston
[1st Dist.] 1983, no pet.).  We find no
authority that requires a trial court to appoint a trial attorney who will be
available to represent a defendant at a hearing and then to represent him
immediately on appeal.  Appellant's
stated purpose in having the court appoint counsel who would represent him at
his revocation hearing and immediately on appeal does not constitute an
"adequate" reason for the appointment of new counsel.  See id. ("Appellant's stated
purpose in having the court appoint counsel who would follow appellant's
defense strategy, regardless of counsel's own views, does not constitute an
'adequate' reason for the appointment of new counsel."); see also Davis
v. State, 150 S.W.3d 196, 207 (Tex. App.BCorpus
Christi 2004, no pet.) (concluding appellant's "expressed dissatisfaction
with his trial counsel does not rise to the level of adequate cause for
appointment of new counsel").








Based on the
above, we agree with counsel that this issue presented for our review is
without merit.

IV.  Independent Review of Record

The Supreme Court
advised appellate courts that upon receiving a Afrivolous
appeal@ brief, they must conduct Aa full examination of all the proceeding[s] to
decide whether the case is wholly frivolous.@  Penson v. Ohio, 488 U.S. 75, 80
(1988); see Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.BCorpus Christi 2003, no pet.).  Accordingly, we have carefully reviewed the
record and have found nothing that would arguably support an appeal.  See Stafford, 813 S.W.2d at 509.  We agree with counsel that the appeal is
wholly frivolous and conclude the
appeal is without merit.

V.  Conclusion

The judgment of
the trial court is affirmed. 
Additionally, in accordance with Anders, appellant's attorney has
asked permission to withdraw as counsel for appellant.  See Anders, 386 U.S. at 744.  We grant counsel's motion to withdraw.  We order counsel to notify appellant of the
disposition of this appeal and of the availability of discretionary
review.  See Ex parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).                                     

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and 

filed this 18th day of
August, 2005.











[1]Appellant originally filed an
untimely notice of appeal on September 25, 2002.  This Court dismissed the appeal for want of
jurisdiction.  See Forsyth v.
State, No. 13-02-551-CR, 2002 Tex. App. LEXIS 8446, at *2 (Tex. App.CCorpus Christi Nov. 27, 2002, no
pet.) (not designated for publication), writ of habeas corpus granted,
Ex parte Johnny Leroy Forsyth, Sr., No. 74,928 (Tex. Crim. App. Mar. 31,
2004) (orig. proceeding) (unpublished). 
However, on writ of habeas corpus, the court of criminal appeals granted
this out-of-time appeal.  See Ex parte
Forsyth, No. 74,928 (Tex. Crim. App. Mar. 31, 2004).





[2]A court docket entry sets out that
appellant's oral motion for continuance was denied.