# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00128-CR

**Robert LeBlanc, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 69969, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Robert LeBlanc of the offense of manufacture or delivery of a controlled substance, methamphetamine, in an amount more than one gram but less than four grams.[1]  Punishment, enhanced by three prior convictions for the offense of possession of a controlled substance, was assessed at 60 years' imprisonment.  In two points of error on appeal, LeBlanc asserts that he was denied the right to confer with counsel prior to the start of trial and that the district court abused its discretion in admitting into evidence an audio recording of the alleged drug transaction that resulted in LeBlanc's arrest.  We will affirm the judgment of conviction.

## BACKGROUND

The jury heard evidence that on May 31, 2012, LeBlanc sold methamphetamine to a paid informant for the Killeen Police Department.  The State's witnesses at trial included the

---

[1] *See* Tex. Health & Safety Code § 481.112(c).

detective who had led the operation, Carl Pergande of the Killeen Police Department's Organized Crime Unit, and the informant who had, according to the State, purchased the drugs from LeBlanc. Pergande testified that on the day of the operation, the informant had met with officers in the unit and was wired for the purpose of recording a "controlled buy" of drugs from several suspected drug dealers, one of whom was LeBlanc. According to Pergande, the informant had made a telephone call to LeBlanc, asking to buy an "eight ball" of methamphetamine;[2] reached an agreement with LeBlanc concerning the price; arranged to meet LeBlanc at a specified location to purchase the methamphetamine; and then traveled to that location and waited for LeBlanc to arrive. Pergande testified that he and another officer had stationed themselves in an unmarked police vehicle a short distance away from the informant's location. A maroon Mitsubishi Galant eventually arrived at the location, and Pergande observed the informant approach the vehicle and make the exchange. Pergande testified that although he was unable to visually observe the entire transaction from where he was stationed, he could hear the exchange through the wire that the informant was wearing. An audio recording of the interaction between the informant and the suspect was admitted into evidence. After the Galant drove away, the informant approached the police vehicle and turned over the methamphetamine that he had purchased.

The suspect vehicle was stopped shortly thereafter. The driver of the vehicle, identified as LeBlanc, was found in possession of $160 in cash, and Pergande testified that the cash found on LeBlanc contained the same serial numbers as the cash the officers had given to the

---

[2] Pergande testified that an "eight ball" refers to one-eighth of an ounce of methamphetamine, which, he added, "is about three and a half grams, generally speaking."

informant for the purpose of purchasing the drugs.[3]  Also found on LeBlanc was a cell phone that was later determined to be the same phone that the informant had called to arrange the drug deal. Upon LeBlanc's arrest, the informant identified LeBlanc to the officers as the person who had sold him the narcotics.  The informant subsequently identified LeBlanc in court as the dealer.

The jury found LeBlanc guilty as charged and assessed punishment as noted above. The district court sentenced LeBlanc in accordance with the jury's verdict.  This appeal followed.

## ANALYSIS

**Right to confer with counsel**

In his first point of error, LeBlanc asserts that he was denied the right to confer with counsel prior to trial.  "The Federal and Texas Constitutions, as well as Texas statute, guarantee a defendant in a criminal proceeding the right to have assistance of counsel."[4]  This constitutional and statutory requirement includes the defendant's "right to have sufficient time to advise with counsel and prepare his defense" prior to trial.[5]  When a defendant believes that he has not been afforded

---

[3]  The officers had given the informant $260 to purchase the narcotics.  Another individual, identified as Anthony Gugino, was also inside the vehicle at the time of the stop and was found with $100 cash, which Pergande suspected but could not confirm was the additional money that the officers had given to the informant.  No charges were filed against Gugino.

[4]  *Gonzalez v. State*, 117 S.W.3d 831, 836 (Tex. Crim. App. 2003) (citing U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. art. 1.05).

[5]  *See Powell v. Alabama*, 287 U.S. 45, 59 (1932); *see also* Tex. Code Crim. Proc. art. 1.051(a) ("The right to be represented by counsel includes the right to consult in private with counsel sufficiently in advance of a proceeding to allow adequate preparation for the proceeding.").

3

sufficient time to confer with counsel prior to trial, the appropriate procedure is to file a motion for continuance.[6]

In this case, LeBlanc argues that he was unable to confer with his counsel immediately before his trial began, when the proceedings were interrupted to address another case that was pending on the district court's docket that day. LeBlanc's trial counsel was also serving as counsel in this other case.[7] After some preliminary matters in LeBlanc's case were discussed, the interruption to address the other case occurred as follows:

| | |
|---|---|
| [Trial counsel]: | On the record, Your Honor, I don't know how I'm going to be able to spend any time with the family law matter that you have requested that begin instead of preparing for this case and visiting with my client, but that would be . . . cause number 261,835. That's also in your very court. |
| [The Court]: | All right. That apparently has been set for how long? |
| [Trial counsel]: | Not very long. |
| . . . . | |
| [The Court]: | All right. . . . We've been working on this LeBlanc case, that is scheduled to go this morning. Whenever we get a jury we'll be ready to go. That means [opposing counsel in the family-law matter] and [trial counsel], you all have a few minutes to talk and see what's in dispute and we'll get on the record on that case in just a moment as soon as we conclude the criminal case. |

---

[6]  *See* Tex. Code Crim. Proc. art. 29.03; *Heiselbetz v. State*, 906 S.W.2d 500, 511-12 (Tex. Crim. App. 1995); *Guye v. State*, 501 S.W.2d 675, 675 (Tex. Crim. App. 1973); *see also Hooper v. State*, No. 03-08-00125-CR, 2009 Tex. App. LEXIS 7880, at *7-8 (Tex. App.—Austin Oct. 9, 2009, pet. ref'd) (mem. op., not designated for publication).

[7]  We note that trial counsel is not the same attorney who is representing LeBlanc on appeal.

4

| [Trial counsel]: | Your Honor, at this time I would like to have permission to confer with Mr. LeBlanc in private before the jury trial begins. |
|---|---|
| [The Court]: | You'll have that opportunity in just a moment. |

The district court then recessed the proceedings. The recess occurred at 9:31 a.m. The case reconvened on the record at 10:25 a.m. At that time, trial counsel announced that he was ready to proceed, and shortly thereafter, trial began.

Initially, we observe that LeBlanc's complaint that the district court denied him the opportunity to confer with counsel is being raised for the first time on appeal. At no point prior to or following the recess did LeBlanc move for a continuance, object to the resumption of the proceedings, indicate that he had lacked sufficient time to confer, or request additional time to confer. To the contrary, after the recess had concluded, counsel announced that he was ready to proceed. Accordingly, LeBlanc has failed to preserve error, if any, in the court below.[8]

Additionally, even if error had been preserved, we could not conclude on this record that the district court's actions on the morning of trial denied LeBlanc the opportunity to confer with counsel. This is not a case in which counsel was appointed to represent the defendant shortly before trial began. Trial counsel was appointed to represent LeBlanc on June 4, 2012. His trial began over eight months later, on February 11, 2013, and there is nothing in the record to indicate that LeBlanc did not confer with counsel during that time. To the contrary, at a pretrial hearing held

---

[8] *See* Tex. R. App. P. 33.1; *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009); *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999); *see also Moya v. State*, No. 13-11-00591-CR, 2013 Tex. App. LEXIS 4406, at *3-4 (Tex. App.—Corpus Christi Apr. 4, 2013, no pet.) (mem. op., not designated for publication) (holding that appellant "waived his right to challenge trial court's action" in allowing trial to proceed when counsel "clearly indicated that she was ready to proceed at the time of trial").

approximately one week prior to trial, the subject of which was a plea offer by the State, trial counsel made a record pertaining to discussions he had with LeBlanc concerning the offer, confirming that LeBlanc had in fact conferred with counsel prior to trial to discuss his defense. Moreover, on the morning trial began, prior to the recess, the district court informed counsel that he would have an opportunity "in just a moment" to further confer with LeBlanc, and there is nothing in the record to indicate that during the recess, which lasted approximately 54 minutes, LeBlanc did not confer with counsel.

We overrule LeBlanc's first point of error.

**Admissibility of audio recording**

In his second point of error, LeBlanc asserts that the district court abused its discretion in admitting into evidence the audio recording of the drug transaction. The State offered the recording into evidence during the testimony of Detective Pergande:

Q           [H]ave you had the opportunity to listen to State's Exhibit Number 2, the audio recording?

A           Yes.

Q           And was the recording equipment operating correctly that day?

A           Yes.

Q           All right. Does this fairly and accurately represent what was recorded that day?

A           Yes.

Q           Have there been any additions or deletions or changes or anything, to your knowledge?

A           No, not to my knowledge.

Q                   Okay. And did you provide a copy of this to the State and the defense
                    in the course of this case?

A                   I provided a copy to the State, and I believe they provided a copy to
                    the defense.

Q                   Okay. State would offer Exhibit 2.

LeBlanc then objected to the exhibit's admission on the ground that "the proper predicate still hasn't

been laid." Following a bench conference, the State asked Pergande, "Detective Pergande, on State's

Exhibit Number 2, did you recognize any of the voices on this tape?" Pergande testified that he

recognized the voices of LeBlanc, the informant, and a third individual who Pergande identified

as the informant's uncle.[9] The State again offered the recording into evidence, and LeBlanc

again objected without elaboration that "the proper predicate hasn't been laid." The district court

overruled the objection. On appeal, LeBlanc argues that the State failed to properly authenticate

LeBlanc's voice on the recording.[10]

        In response, the State first argues that LeBlanc failed to preserve error on this point.

We agree. "As a prerequisite to presenting a complaint for appellate review, the record must show

that the complaint was made to the trial court by a timely request, objection, or motion that stated

the grounds for the ruling that the complaining party sought from the trial court with sufficient

specificity to make the trial court aware of the complaint, unless the specific grounds were apparent

---

[9] Earlier in his testimony, Pergande had explained that the arranged location for the drug buy
was a residence occupied by members of the informant's family and that the informant's uncle was
present at the residence and had been conversing with the informant shortly before the transaction.

[10] *See* Tex. R. Evid. 901(a) ("The requirement of authentication or identification as a
condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the
matter in question is what its proponent claims."); *Angleton v. State*, 971 S.W.2d 65, 67 (Tex. Crim.
App. 1998) (explaining authentication requirements under Rule 901(a)).

7

from the context."[11]  Here, counsel's objection on the record was limited to a generalized objection that "the proper predicate hasn't been laid."  It is well established that an objection that "the proper predicate has not been laid" could encompass several different objections and is thus too general to preserve error.[12]  There is no other objection in the record.

Moreover, even if the issue had been preserved below, we could not conclude on this record that LeBlanc was harmed by any failure of the State to properly authenticate LeBlanc's voice on the recording during Pergande's testimony.  A violation of the evidentiary rules that results in the erroneous admission of evidence is non-constitutional error.[13]  Such errors "must be disregarded" if they do not affect a defendant's "substantial rights."[14]  Substantial rights are not affected by the erroneous admission of evidence if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury or had but a slight effect.[15]  As a general rule,

---

[11]  Tex. R. App. P. 33.1(a)(1)(A).

[12]  *See Bird v. State*, 692 S.W.2d 65, 70 (Tex. Crim. App. 1985); *Canada v. State*, 589 S.W.2d 452, 454 (Tex. Crim. App. 1979); *Harris v. State*, 565 S.W.2d 66, 69-70 (Tex. Crim. App. 1978); *Young v. State*, 183 S.W.3d 699, 704-05 (Tex. App.—Tyler 2005, pet. ref'd); *Gregory v. State*, 56 S.W.3d 164, 182 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd); *see also Fresch v. State*, No. 03-05-00845-CR, 2007 Tex. App. LEXIS 6353, at *12 (Tex. App.—Austin Aug. 6, 2007, no pet.) (mem. op., not designated for publication) ("An objection to an improper predicate that fails to inform the trial court exactly how the predicate is deficient will not preserve error.").

[13]  *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); *Sandoval v. State*, 409 S.W.3d 259, 287 (Tex. App.—Austin 2013, no pet.).

[14]  Tex. R. App. P. 44.2(b).

[15]  *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

8

the improper admission of evidence is rendered harmless when other properly admitted or unobjected-to evidence is admitted to prove the same fact.[16]

In this case, there was other properly admitted evidence tending to authenticate LeBlanc's voice on the audio recording. The informant who had purchased the drugs from LeBlanc also identified LeBlanc's voice on the audio recording during his testimony. The informant testified that he had known LeBlanc since 2005 and had previously spoken to LeBlanc on the telephone to arrange the drug purchase. This evidence supports a finding that the informant was familiar with LeBlanc's voice and thus could accurately identify it on the recording.[17] Accordingly, any failure by the State to properly authenticate LeBlanc's voice through Pergande's testimony was rendered harmless by the subsequent testimony of the informant proving the same fact.[18] Additionally, there was other evidence of LeBlanc's guilt independent of the audio recording, which mitigates against a finding of harm.[19] Pergande testified that he had visually observed the informant approach the vehicle in which the suspected drug transaction had occurred, and shortly thereafter, officers stopped

---

[16] *See Lane v. State*, 151 S.W.3d 188, 192-93 (Tex. Crim. App. 2004); *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *Mitchell v. State*, 419 S.W.3d 655, 660 (Tex. App.—San Antonio 2013, pet. ref'd).

[17] *See Angleton*, 971 S.W.2d at 67 ("The authentication requirement for admissibility 'is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.'" (quoting Tex. R. Evid. 901(a))); *Watson v. State*, 421 S.W.3d 186, 190 (Tex. App.—San Antonio 2013, pet. ref'd) ("Courts traditionally provide a broad reading of Rule 901, allowing the jury to weigh the credibility of the evidence, '[s]o long as the authenticity of the proffered evidence was at least within the zone of reasonable disagreement.'" (quoting *Campbell v. State*, 382 S.W.3d 545, 552 (Tex. App.—Austin 2012, no pet.))).

[18] *See Lane*, 151 S.W.3d at 193; *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

[19] *See Motilla*, 78 S.W.3d at 357.

9

the suspect vehicle and found LeBlanc inside. The informant testified that LeBlanc was the person from whom he had purchased the drugs, and he identified LeBlanc both in court and at the scene of the arrest as the person who had sold him the narcotics. Moreover, upon his arrest, LeBlanc was found with the same cash that the informant had used to purchase the narcotics and the same cell phone that the informant had called to arrange the transaction. On this record, we cannot conclude that any failure by the State to properly authenticate LeBlanc's voice on the audio recording affected LeBlanc's substantial rights.

We overrule LeBlanc's second point of error.

## CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed: December 10, 2014

Do Not Publish

10