In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-314 CR


____________________



DARRELL GLENN WALES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B-040584-R






 MEMORANDUM OPINION 


 Darrell Glenn Wales appeals his conviction of aggravated sexual assault and asserts
in three issues that his conviction should be reversed. We affirm.

Background

 After a jury trial, the jury convicted Wales on four counts of aggravated sexual
assault of a child less than fourteen years of age. See Tex. Pen. Code Ann. § 22.021
(Vernon Supp. 2006). The jury sentenced him to seventy years' confinement in the Texas
Department of Criminal Justice-Institutional Division and a $10,000.00 fine for each
count. 

 Prior to the grand jury's issuing its indictment against him, Wales gave a written
statement to the Orange County Sheriff's Department regarding his account of the alleged
offenses with his victim, an underage family member. During the trial, the State
introduced Wales's statement into evidence. 

 Prior to admitting the statement, the trial court heard Wales's motion to suppress
the statement. During this hearing, Wales claimed that he did not voluntarily give his
statement to the police because he was under the influence of the drug Xanax at the time.
He also claimed that he only gave the statement to avoid arrest; and, that because he was
led to believe the victim's statement had already been taken, he told the officer what the
officer wanted to hear to avoid discrediting the victim. At the suppression hearing, the
investigating officer testified that Wales did not appear intoxicated and that he informed
Wales of his constitutional rights more than once. The officer testified that in his opinion,
Wales voluntarily gave his statement. Additionally, the officer testified that when he took
Wales's statement, he had not yet interviewed the victim. Following the suppression
hearing, the trial court denied Wales's motion to suppress. 

 Approximately two weeks before the trial commenced, Wales filed a motion for
continuance. In his motion, his attorney asserted that she could not adequately prepare for 
trial: trial began on June 6 and she was not appointed until May 13. The motion also
asserted that Wales needed additional time to obtain copies of his medical records,
however, the motion did not contain an explanation regarding how the contents of the
medical records would have assisted in Wales's defense. The trial court denied the motion
for continuance. On several subsequent occasions, Wales re-urged the trial court to
continue the trial setting, but all of his requests were denied.

 After a two-day trial, the jury returned a guilty verdict on four counts of aggravated
sexual assault. On each of the counts, the jury sentenced Wales to seventy years'
confinement and assessed a $10,000 fine. The trial court ordered Wales's sentences to be
served concurrently. In his three issues, Wales contends that the trial court erred when
it denied his motion to suppress, erred in denying his motion for continuance, and
complains that he received ineffective assistance of counsel. 

Motion to Suppress

 Wales asserts that the trial court erred in denying the motion to suppress his
statement. Wales argues his written statement was involuntary for these reasons: (1) he
was under the influence of drugs when he gave the statement; (2) the investigating officer
represented to him that the victim's statement had already been taken; and (3) in return for
giving his statement, he would not be arrested. Wales claims that he was not aware of the
consequences of waiving his rights. (1) 

 At the suppression hearing, the State introduced Wales's written statement dated
September 3, 2004. The first page includes Wales's name, address, and date of birth, as
well as his initials by each of the individual Miranda warnings. Wales's signature is also
found at the bottom of the page where he acknowledged that he waived certain rights and
that his statement had been given of his own free will and without persuasion by any
person. The second page consists of Wales's sworn account of the pertinent facts. 

 Although Wales testified at the hearing that he was under the influence of drugs
when he made the statement, he admitted that he did not so advise the investigating officer. 
Wales also acknowledged that he failed to complain of any duress after being informed of
his right to remain silent. The investigating officer testified that Wales "did not appear to
be intoxicated in any shape, form, or fashion." The officer also testified about a phone
call he received from a person claiming to be Wales's friend. After the officer told the
caller that there were no warrants for Wales's arrest and that he would like to speak to
Wales, the caller identified himself as Wales and offered to voluntarily come to the station
to talk to the officer. The officer further stated that he was not attempting to coerce a
statement from Wales. Wales testified that after this telephone conversation he went to the
police station, gave a statement, and then left. 

 The trial court is the sole judge of the weight and credibility of the evidence at a
hearing on a defendant's motion to suppress evidence. Wood v. State, 18 S.W.3d 642, 646
(Tex. Crim. App. 2000); Alvarado v. State, 912 S.W.2d 199, 211 (Tex. Crim. App.
1995). Almost total deference is afforded to the trial judge on his resolution of credibility
questions. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Absent a clear
abuse of discretion, the trial court's findings may not be disturbed on appeal. Alvarado,
912 S.W.2d at 211. When, as here, the trial judge does not enter findings of fact
explaining the basis of his ruling that denied the motion to suppress; and, where neither
party timely requested findings and conclusions from the trial court, we imply any
necessary finding to support the trial court's ruling when the evidence, viewed in the light
most favorable to the trial court's ruling, supports the implied finding. State v. Kelly, 204
S.W.3d 808, 819 (Tex. Crim. App. 2006). Generally, we review the trial court's legal
ruling de novo. Id. 

 We determine the voluntariness of a statement based on an examination of the
totality of the circumstances under which it was obtained. Creager v. State, 952 S.W.2d
852, 855 (Tex. Crim. App. 1997). A statement is involuntary "only if there was official,
coercive conduct of such a nature that any statement obtained thereby was unlikely to have
been the product of an essentially free and unconstrained choice by its maker." Alvarado,
912 S.W.2d at 911; see also State v. Terrazas, 4 S.W.3d 720, 723 (Tex. Crim. App.
1999).

 Wales initiated contact with the investigating officer and voluntarily traveled to the
police station to discuss his case. According to the officer's testimony, Wales received
Miranda warnings prior to discussing the case and again before he signed his written
statement. The warnings about the consequences of providing a statement are included on
the same document as Wales's written statement. Since it was within the trial court's
discretion to believe the officer's testimony regarding the circumstances under which
Wales gave his statement, the trial court did not abuse its discretion in denying Wales's
motion to suppress. See Alvarado, 912 S.W.2d at 211. Wales's first issue is overruled.

Motion for Continuance 

 Wales asserts that the trial court should have granted his motion for continuance
because medical records were needed for his defense and his trial counsel had inadequate
time to prepare for trial. "Where denial of a continuance has resulted in representation by
counsel who was not prepared, we have not hesitated to declare an abuse of discretion." 
Heiselbetz v. State, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995). Nevertheless,
discretion is afforded the trial court to grant or deny a motion for continuance. Id. To
demonstrate an abuse of discretion by the trial court, a defendant must show he was
prejudiced by his counsel's inadequate preparation. Heiselbetz, 906 S.W.2d at 511;
Duhamel v. State, 717 S.W.2d 80, 83 (Tex. Crim. App. 1986). 

 The only specific claim that Wales makes regarding his counsel's allegedly
inadequate preparation is that his medical records were not obtained. As a result, he
contends he was deprived of a "potential defense." However, there is neither evidence
regarding the contents of the medical records nor an explanation that demonstrates how the
records would have assisted him. Thus, Wales has not shown any prejudice to his defense. 
The bare assertion that one's attorney did not have time to adequately prepare for trial does
not alone establish prejudice. Heiselbetz, 906 S.W.2d at 512. In Hernandez v. State, 643
S.W.2d 397, 399-400 (Tex. Crim. App. 1982), the Texas Court of Criminal Appeals held
that when counsel had approximately twenty-three days to prepare for a capital murder
trial, "no specific, serious matter ha[d] been raised by the appellant and the record d[id]
not otherwise show that the appellant's defense was prejudiced by counsel not having more
time to prepare for trial." 

 Without a showing of harm, Wales's assertion that his attorney did not have time
to obtain medical records likewise fails to establish an abuse of discretion. See Heiselbetz,
906 S.W.2d at 512; Duhamel, 717 S.W.2d at 83. The record does not show prejudice,
and absent a showing that the records were relevant, Wales's mere complaint that the
records might have been of assistance in his defense does not raise a specific, serious
matter. See Hernandez, 643 S.W.2d at 399-400. Absent a showing of prejudice, Wales
fails to demonstrate that the trial court abused its discretion in denying his motion for
continuance. Wales's second issue is overruled. 

Ineffective Assistance of Counsel

 Wales also contends that his attorney's failure to obtain his medical records deprived
him of effective assistance. Without explaining how the records would do so, Wales
asserts that the records mitigate the testimony the jury heard. 

 We review claims of ineffective assistance of counsel in accord with the standards
set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80
L.Ed.2d 674 (1984). Strickland provides a two-step test by which an appellant must show
that: (1) his counsel's performance fell below an objective standard of reasonableness;
and, (2) but for his counsel's unprofessional error, there is a reasonable probability that
the result of the proceedings would have been different. 466 U.S. at 687-88, 694. 
Reasonable probability is the "probability sufficient to undermine confidence in the
outcome." Id. at 694. In reviewing counsel's performance, we look to the totality of the
representation to determine the effectiveness of counsel, indulging a strong presumption
that counsel's performance fell within the wide range of reasonable professional assistance
or trial strategy. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); see also
Strickland, 466 U.S. at 689. A claim of ineffective assistance must be firmly supported
in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. 
Thompson, 9 S.W.3d at 813.

 Although Wales's appellate counsel filed an amended motion for new trial claiming
Wales received ineffective assistance of counsel, it appears that Wales never obtained a
hearing on his motion. Thus, the record before us does not explain the reasons for trial
counsel's actions. See Thompson, 9 S.W.3d at 814. Generally, a silent record cannot
rebut the presumption that counsel's actions were the result of sound or reasonable trial
strategy. Thompson, 9 S.W.3d at 813; see also Strickland, 466 U.S. at 689. Because
Wales's claims are not firmly founded in the record, he fails to meet his burden to show
ineffective assistance. See Strickland, 466 U.S. at 687; Thompson, 9 S.W.3d at 814. We
overrule Wales's third issue.

Conclusion

 Having considered Wales's issues, we find that the trial court did not abuse its
discretion by denying Wales's motion to suppress or his motion for continuance. We
further hold that Wales failed to establish that he received ineffective assistance of counsel. 
We find no reversible error and affirm the judgment of the trial court.

 AFFIRMED.


 ____________________________

 HOLLIS HORTON

 Justice



Submitted on November 1, 2006

Opinion Delivered March 28, 2007

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. At the hearing on his motion to suppress, Wales addressed his written statement but
not the audiotape of his interview made at the same time. At trial, the State introduced the
audiotape without objection. Wales also fails to mention the audiotape in his brief.