COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-051-CR

JOHN VARGAS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury found Appellant John Vargas guilty of aggravated robbery and assessed his punishment at forty-seven and one-half years’ confinement and a fine of $10,000.  The trial court sentenced Vargas accordingly.  This appeal followed, and Vargas raises three points:  two points claiming that the trial court erred by denying his motion for continuance and one point claiming that the trial court erred by failing to hold a hearing on his motion for new trial.  We will affirm.

In his first point, Vargas claims that the trial court erred by denying his motion for continuance because the State failed to comply with the trial court’s discovery order and thereby deprived Vargas of due process.  In his second point, Vargas claims that the trial court erred by denying his motion for continuance because the State withheld exculpatory 
materials that met the 
Brady
(footnote: 2) materiality standard.  

Twelve days before the November 13, 2006 trial, Vargas filed a written motion asking the trial court to reset his case because the State had purportedly failed to turn over exculpatory evidence.  Vargas’s motion for continuance alleged that “[t]he State has not produced the other items of discovery granted by the Court which will require additional investigation to be conducted by counsel.”  The motion for continuance was not presented to the trial court until after the jury had been selected and Vargas had announced ready for trial.  At that time, Vargas explained that—according to information in two newspaper articles from 2003—a witness to the aggravated robbery had told Police Captain Blithing that the robber was black.  Vargas is not black, and Vargas claimed that the State should have disclosed the identity of this witness.

The trial court ruled:

[T]he paper that you gave me is dated Thursday, August the 28th, 2003, so, you know, that information if, in fact, it is correct information, which I have to look at with a jaded eye because it’s in a newspaper.  But if it is, in fact, correct information, it was in the public domain since August the 28th, 2003. 

The trial court ultimately ruled that the discovery order it had signed did not require the State to “produce” the identity of the alleged witness mentioned by the paper.  Defense counsel responded:

Your Honor, but in this instance, they did not identify the witness who made the statement.  All it does is says a witness.  So what I’m asking the Court is that as the trial commences and as the trial goes on if it is–I’m assuming that I’m going to be given a police report at the time the police officer testifies.  If within that report, I can identify exculpatory information that was not produced, I’d like to be able to reurge my motion at that time.

The State pointed out that it had an “open file policy,” and explained that 

I don’t know whether any description of the person who supposedly engaged in this offense by an unknown witness is exculpatory or not.  I believe the evidence is going to show that the victim in this case is not going to be able to identify this Defendant.  Whether he thought at some point he was darker skinned than he appears to be today, I don’t know whether that’s exculpatory or not.

But, in any event, obviously, [Defense Counsel] is now aware of any such statement that such a witness made; and therefore, there is no such violation of Brady versus Maryland as a result.  He’s apparently known this for some time and could prepare to cross-examine the State’s witnesses about whatever description they may initially have given of the perpetrator.

. . . .

I really don’t know what relief he’s seeking.  I mean, he’s aware of whatever information there is.  Apparently, that’s the extent of the information that somebody identified the perpetrator as - - I guess what the newspaper says, as being a black person.  I don’t think there’s any other information in the State’s file that would show any other or different description was given.  In fact, I don’t believe there’s anything in the State’s file that shows that statement was made by any witness.

The granting or denying of a motion for continuance is within the sound discretion of the trial court.  
Renteria v. State
, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006); 
Heiselbetz v. State
, 906 S.W.2d 500, 511-12 (Tex. Crim. App. 1995).  A defendant must show “specific prejudice to his defense” to establish that the trial court abused its discretion by refusing to grant a continuance.  
Renteria
, 206 S.W.3d at 699; 
Duhamel v. State
, 717 S.W.2d 80, 83 (Tex. Crim. App. 1986), 
cert. denied
, 480 U.S. 926 (1987).

Here, Vargas did not reurge his motion for a continuance at any point during trial.  Thus, although Vargas filed a motion for continuance claiming that the State had failed to comply with a trial court order requiring the production of exculpatory evidence and that he needed more time to investigate, the trial court apparently ruled that the information set forth in the Gainesville newspaper articles was in the public domain and was not subject to the order the trial court had entered.  The alleged witness’s statement to a Captain Blithing was published in the newspaper on August 28, 2003, and Vargas’s trial started on November 13, 2006.  Vargas was free during trial to cross-examine the State’s two witnesses concerning any prior descriptions of the perpetrator that they may have provided and prior to trial was able to investigate who had made the reported statement to Captain Blithing.  Thus, Vargas did not show any specific prejudice to his defense by the trial court’s failure to grant a continuance.  
See, e.g.
, 
Renteria
, 206 S.W.3d at 699; 
Ross v. State
, 133 S.W.3d 618, 629 (Tex. Crim. App. 2004); 
accord Wilson v. State
, 195 S.W.3d 193, 198 (Tex. App.—San Antonio 2006, no pet.)
 
(recognizing that the bare assertion that counsel did not have adequate time to prepare for trial is not proof of prejudice); 
Hullaby v. State
, 911 S.W.2d 921, 927 (Tex. App.—Fort Worth 1995, pet. ref’d).

And, according to the prosecutor, the State’s file did not contain anything showing that a witness had indicated the perpetrator was a black man.  Under 
Brady
, the State is not required to seek out exculpatory evidence independently on the defendant’s behalf or to furnish him with exculpatory or mitigating evidence that is fully accessible from other sources
.  Harm v. State
, 183 S.W.3d 403, 407 (Tex. Crim. App. 2006).  We overrule Vargas’s first and second issues.
(footnote: 3)
 In his third point, Vargas claims that the trial court erred by failing to hold a hearing on his motion for new trial which alleged that the jury came to its verdict on sentencing by means of a quotient verdict.  Vargas’s motion for new trial states that “the sentence of the defendant issued by the jury appears to have been the result of a quotient verdict in that the amount of time offers a year including a fraction of a year.”  Vargas’s motion for new trial is verified but is not otherwise supported by affidavits on this issue.  Vargas’s motion for new trial was overruled by operation of law.  
See
 
Tex. R. App. P.
 21.8(c). 

If a defendant desires a hearing on a motion for new trial, it is incumbent upon the defendant to present the motion to the trial court within ten days of its filing in order to put the trial court on actual notice that he desires the trial court to take some action on the motion for new trial.  
Tex. R. App. P.
  21.6; 
Carranza v. State
, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998).  When a defendant properly presents a motion for new trial raising matters not determinable from the record, upon which he could be entitled to relief, the trial court abuses its discretion by failing to hold a hearing.  
Tex. R. App. P.
 21.7; 
Reyes v. State
, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993).  In this context, to “present” a motion means the record must show that the movant for a new trial actually delivered the motion for new trial to the trial court or otherwise brought the motion to the attention of the trial court.  
Carranza
, 960 S.W.2d at 79.   Thus, the mere filing of a motion for new trial alone is not sufficient to show presentment. 
 Id
.

Presenting the motion for new trial and the request for a hearing is akin to objecting to the erroneous admission of evidence.  
Rozell v. State
, 176 S.W.3d 228, 230-31 (Tex. Crim. App. 2005).  Absent a proper objection that alerts the trial court to the erroneous admission, the error has not been preserved for appellate review.  
Id.
  Thus, a reviewing court does not reach the question of whether a trial court abused its discretion by failing to hold a hearing if no request for a hearing was presented to it.  
Id.
  

The record before us fails to indicate that Vargas presented his motion for new trial to the trial court.  Accordingly, we do not reach the issue of whether the trial court abused its discretion by failing to conduct a hearing on Vargas’s motion for new trial.  We overrule Vargas’s third issue.

Having overruled each of Vargas’s three issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 4, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Brady v. Maryland
, 373 U.S. 83, 83 S. Ct. 1194 (1963).

3:
Vargas also filed a motion to suppress that was heard at the same time as his motion for continuance.  He moved to suppress any statements he may have made to persons who were given consideration for their trial testimony.  The trial court denied Vargas’s motion to suppress.  On appeal, Vargas does not challenge the trial court’s ruling on his motion to suppress, but he embeds a few of his trial court suppression arguments into his issue on appeal concerning the ruling on his motion for continuance.  Because Vargas’s arguments concerning any statements to witnesses who may have received consideration from the State for their trial testimony were not presented to the trial court as a basis for a continuance, we do not consider them here in connection with his first two issues challenging the trial court’s ruling on his motion for continuance.  
Todd v. State
, 911 S.W.2d 807, 811-12 (Tex. App. – El Paso 1995, no writ.)