COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-07-284-CR

 

 

ROBERT MORENO GOMEZ                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury
convicted Appellant Robert Moreno Gomez of three counts of aggravated sexual
assault and three counts of indecency with a child and assessed his punishment
at fifty years= confinement on the first count
of aggravated sexual assault, forty years=
confinement on the two remaining counts of aggravated sexual assault, and
twenty years= confinement on each count of
indecency with a child.  In four issues,
Appellant challenges the denial of his motions for continuance and the trial
court=s
refusal to allow him to view Texas Department of Family and Protective Services
(TDFPS) records after an in camera inspection. 
Because we hold that the trial court did not reversibly err, we affirm
the trial court=s judgment.








In his
third issue, Appellant contends that the trial court violated his due process
rights by failing to disclose to him material information contained in TDFPS
records and failing to conduct a required in camera inspection of all such
records provided to the trial court for review. 
On June 18, 2007, defense counsel requested that documents be subpoenaed
from TDFPS and that the documents be received by July 10.  The documents requested involve Appellant,
his immediate family, the complainants (who are Appellant=s
great-nieces), and their mother.  On July
17, TDFPS filed a motion to quash Appellant=s
subpoenas and, alternatively, a motion for in camera inspection and protective
order concerning the subpoenaed documents; TDFPS also supplied the subpoenaed
documents to the trial court.  The trial
court conducted an in camera inspection of Asome
eight volumes of those@ documents; determined that there
was no material, exculpatory information found in them; and denied Appellant
access to the documents on July 19.  On
July 23, Appellant contended that he had spoken with a TDFPS employee who
indicated to him that additional documents had been overnighted to the State
the previous Friday and should be on file. 
The record before us does not contain any request that these additional
documents be viewed in camera.

After
the submission of this appeal, this court allowed Appellant=s
counsel and the State to view all the sealed documents.  We also allowed the parties to amend or
supplement their briefs on the merits. 
In his supplemental brief, Appellant maintains that the trial court
violated Brady v. Maryland by failing to release material, exculpatory
evidence to him before trial.[2]  Despite his access to the documents,
Appellant fails to point this court to the specific documents on which he
relies among the voluminous documents contained in the two boxes of sealed
documents submitted to and held by this court. 
We therefore overrule Appellant=s third
and supplemental issues as inadequately briefed.[3]








In his
first issue, Appellant contends that the trial court abused its discretion and
deprived him of his rights to due process under the federal and state
constitutions by denying his motion for continuance to complete a mitigation
investigation.  On June 18, 2007,
Appellant=s first motion for continuance
was heard in chambers.  In the motion,
Appellant stated that defense counsel was still investigating Appellant=s
background and that of his family, that the mitigation expert had not had
enough time to complete her tasks, and that there was Areason
to believe@ that she could complete her
tasks within thirty days.  The motion was
granted, and the case was originally reset to August 27, 2007.  Apparently, however, also on June 18, the trial
court changed the trial setting to July 23, 2007, with the pretrial hearing to
occur on July 17.

On July
9, Appellant filed his second motion for continuance.  In that motion, Appellant contended that his
counsel was still investigating his background and had subpoenaed various
documents regarding Appellant=s mental
health as well as that of the complainants that had not yet been supplied (the
TDFPS records), that the mitigation expert would need additional time to review
those records and complete her tasks, and that defense counsel had not yet been
able to complete all tasks necessary to determine whether a testifying expert
would be necessary.  On July 17, the
trial court denied Appellant=s motion
for continuance.








On July
23, the date of trial, Appellant argued his third motion for continuance, filed
July 20, again urging the grounds from his second motion, requesting additional
time for preparation, noting that he had again subpoenaed documents from TDFPS
that he believed he was entitled to and that he believed had been received, and
complaining about the trial court=s
denying him access to the TDFPS records already on file.  The trial court denied this motion.

The
denial of a motion for continuance is within the sound discretion of the trial
court.[4]  A defendant must show Aspecific
prejudice to his defense@ to establish that the trial
court abused its discretion by refusing to grant a continuance.[5]  Examples of specific prejudice include unfair
surprise, an inability to effectively cross‑examine witnesses, and the
inability to elicit crucial testimony from potential witnesses.[6]  The assertion, however, that counsel did not
have time to adequately investigate for potential mitigating evidence without
any showing of harm fails to establish an abuse of discretion.[7]








Appellant=s
counsel had access to the subpoenaed documents in this court but has not shown
us, by directing us to any specific documents or instances at trial, that
Appellant=s defense was specifically
prejudiced by the denial of either his second or third motion for continuance.[8]  Appellant has therefore not shown that the
trial court abused its discretion by denying his written motions for
continuance.  We overrule Appellant=s first
issue.

In his
second issue, Appellant contends that the trial court abused its discretion by
failing to grant him a continuance to locate a witness vital to the
presentation of his case.  After
discussing his third motion for continuance, defense counsel added the
following on the record,

Finally, Your Honor, we
received information this morning on the existence and location of an Isaiah
Gomez, who=s a key witness for the
defense in this case.  We just today
learned that this individual is in custody in a boot camp in Bridgeport,
Texas.  We have not had an opportunity
to, having just received this information a few minutes ago, to get with him
and verify with him, but we do believe him to be a central witness in this case
based on statements made . . . previously by family members.  Specifically, Your Honor, that witness can
testify to a prior allegation made by the . . . [complainant] in this
case of sexual assault, and that certainly goes to the bias and accuracy of the
complaint.

 

The
trial court denied the motion.  As the
Texas Court of Criminal Appeals has explained,








When the defendant=s motion for continuance
is based on an absent witness, it is necessary to show (1) that the defendant
has exercised diligence to procure the witness=s attendance, (2) that
the witness is not absent by the procurement or consent of the defense, (3)
that the motion is not made for delay, and (4) the facts expected to be proved
by the witness.  It must appear to the
trial court that the facts are material. 
Mere conclusions and general averments are not sufficient for the court
to determine their materiality, and the motion for continuance must show on its
face the materiality of the absent testimony.[9]

 

Even
assuming that the oral motion for continuance here was sufficient to invoke the
equitable powers of the court, Appellant failed to show due diligence as
required for a continuance because of an absent witness.[10]  He has therefore not shown that the trial
court abused its discretion by denying the continuance.  We overrule Appellant=s second
issue.

Having
overruled his other issues, we also overrule Appellant=s fourth
issue, in which he complains of cumulative error.








Having
overruled all of Appellant=s
issues, we affirm the trial court=s
judgment.

 

LEE ANN DAUPHINOT

JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
March 26, 2009











[1]See Tex. R. App. P. 47.4.





[2]373 U.S. 83, 83 S. Ct.
1194 (1963).





[3]See Tex. R. App. P. 38.1(h);
Tong v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert.
denied, 532 U.S. 1053 (2001); Mosley v. State, 983 S.W.2d 249, 256
(Tex. Crim. App. 1998), cert. denied, 526 U.S. 1070 (1999).





[4]Renteria v. State, 206 S.W.3d 689, 699
(Tex. Crim. App. 2006); Heiselbetz v. State, 906 S.W.2d 500, 511B12 (Tex. Crim. App.
1995).





[5]Renteria, 206 S.W.3d at 699; Heiselbetz,
906 S.W.2d at 511B12.





[6]Janecka v. State, 937 S.W.2d 456, 468
(Tex. Crim. App. 1996), cert. denied, 522 U.S. 825 (1997).





[7]Heiselbetz, 906 S.W.2d at 511B12; Duhamel v. State,
717 S.W.2d 80, 83 (Tex. Crim. App. 1986), cert. denied, 480 U.S. 926
(1987).





[8]See Heiselbetz, 906 S.W.2d at 511B12; see also Tex.
R. App. P. 38.1(h).





[9]Harrison v. State, 187 S.W.3d 429, 434
(Tex. Crim. App. 2005) (citations omitted).





[10]See Tex. Code Crim. Proc.
Ann. art. 29.06(2) (Vernon 2006) (requiring motion for continuance to state A[t]he diligence which has
been used to procure [a witness=s] attendance@); Dewberry v. State, 4 S.W.3d 735, 756
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2001).