# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH


## NO. 2-07-284-CR

ROBERT MORENO GOMEZ                                      APPELLANT

V.

THE STATE OF TEXAS                                          STATE

------------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Robert Moreno Gomez of three counts of aggravated sexual assault and three counts of indecency with a child and assessed his punishment at fifty years' confinement on the first count of aggravated sexual assault, forty years' confinement on the two remaining counts of aggravated sexual assault, and twenty years' confinement on each

---

[1] *See* Tex. R. App. P. 47.4.

count of indecency with a child. In four issues, Appellant challenges the denial of his motions for continuance and the trial court's refusal to allow him to view Texas Department of Family and Protective Services (TDFPS) records after an in camera inspection. Because we hold that the trial court did not reversibly err, we affirm the trial court's judgment.

In his third issue, Appellant contends that the trial court violated his due process rights by failing to disclose to him material information contained in TDFPS records and failing to conduct a required in camera inspection of all such records provided to the trial court for review. On June 18, 2007, defense counsel requested that documents be subpoenaed from TDFPS and that the documents be received by July 10. The documents requested involve Appellant, his immediate family, the complainants (who are Appellant's great-nieces), and their mother. On July 17, TDFPS filed a motion to quash Appellant's subpoenas and, alternatively, a motion for in camera inspection and protective order concerning the subpoenaed documents; TDFPS also supplied the subpoenaed documents to the trial court. The trial court conducted an in camera inspection of "some eight volumes of those" documents; determined that there was no material, exculpatory information found in them; and denied Appellant access to the documents on July 19. On July 23, Appellant contended that he had spoken with a TDFPS employee who indicated to him

2

that additional documents had been overnighted to the State the previous Friday and should be on file. The record before us does not contain any request that these additional documents be viewed in camera.

After the submission of this appeal, this court allowed Appellant's counsel and the State to view all the sealed documents. We also allowed the parties to amend or supplement their briefs on the merits. In his supplemental brief, Appellant maintains that the trial court violated *Brady v. Maryland* by failing to release material, exculpatory evidence to him before trial.[2] Despite his access to the documents, Appellant fails to point this court to the specific documents on which he relies among the voluminous documents contained in the two boxes of sealed documents submitted to and held by this court. We therefore overrule Appellant's third and supplemental issues as inadequately briefed.[3]

In his first issue, Appellant contends that the trial court abused its discretion and deprived him of his rights to due process under the federal and state constitutions by denying his motion for continuance to complete a mitigation investigation. On June 18, 2007, Appellant's first motion for

---

[2] 373 U.S. 83, 83 S. Ct. 1194 (1963).

[3] *See* Tex. R. App. P. 38.1(h); *Tong v. State,* 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 1053 (2001); *Mosley v. State,* 983 S.W.2d 249, 256 (Tex. Crim. App. 1998), *cert. denied*, 526 U.S. 1070 (1999).

continuance was heard in chambers. In the motion, Appellant stated that defense counsel was still investigating Appellant's background and that of his family, that the mitigation expert had not had enough time to complete her tasks, and that there was "reason to believe" that she could complete her tasks within thirty days. The motion was granted, and the case was originally reset to August 27, 2007. Apparently, however, also on June 18, the trial court changed the trial setting to July 23, 2007, with the pretrial hearing to occur on July 17.

On July 9, Appellant filed his second motion for continuance. In that motion, Appellant contended that his counsel was still investigating his background and had subpoenaed various documents regarding Appellant's mental health as well as that of the complainants that had not yet been supplied (the TDFPS records), that the mitigation expert would need additional time to review those records and complete her tasks, and that defense counsel had not yet been able to complete all tasks necessary to determine whether a testifying expert would be necessary. On July 17, the trial court denied Appellant's motion for continuance.

On July 23, the date of trial, Appellant argued his third motion for continuance, filed July 20, again urging the grounds from his second motion, requesting additional time for preparation, noting that he had again subpoenaed

4

documents from TDFPS that he believed he was entitled to and that he believed had been received, and complaining about the trial court's denying him access to the TDFPS records already on file. The trial court denied this motion.

The denial of a motion for continuance is within the sound discretion of the trial court.[4] A defendant must show "specific prejudice to his defense" to establish that the trial court abused its discretion by refusing to grant a continuance.[5] Examples of specific prejudice include unfair surprise, an inability to effectively cross-examine witnesses, and the inability to elicit crucial testimony from potential witnesses.[6] The assertion, however, that counsel did not have time to adequately investigate for potential mitigating evidence without any showing of harm fails to establish an abuse of discretion.[7]

Appellant's counsel had access to the subpoenaed documents in this court but has not shown us, by directing us to any specific documents or instances at trial, that Appellant's defense was specifically prejudiced by the

---

[4] *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006); *Heiselbetz v. State*, 906 S.W.2d 500, 511–12 (Tex. Crim. App. 1995).

[5] *Renteria*, 206 S.W.3d at 699; *Heiselbetz*, 906 S.W.2d at 511–12.

[6] *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 825 (1997).

[7] *Heiselbetz*, 906 S.W.2d at 511–12; *Duhamel v. State*, 717 S.W.2d 80, 83 (Tex. Crim. App. 1986), *cert. denied*, 480 U.S. 926 (1987).

5

denial of either his second or third motion for continuance.[8]  Appellant has therefore not shown that the trial court abused its discretion by denying his written motions for continuance.  We overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court abused its discretion by failing to grant him a continuance to locate a witness vital to the presentation of his case.  After discussing his third motion for continuance, defense counsel added the following on the record,

> Finally, Your Honor, we received information this morning on the existence and location of an Isaiah Gomez, who's a key witness for the defense in this case.  We just today learned that this individual is in custody in a boot camp in Bridgeport, Texas.  We have not had an opportunity to, having just received this information a few minutes ago, to get with him and verify with him, but we do believe him to be a central witness in this case based on statements made . . . previously by family members.  Specifically, Your Honor, that witness can testify to a prior allegation made by the . . . [complainant] in this case of sexual assault, and that certainly goes to the bias and accuracy of the complaint.

The trial court denied the motion.  As the Texas Court of Criminal Appeals has explained,

> When the defendant's motion for continuance is based on an absent witness, it is necessary to show (1) that the defendant has exercised diligence to procure the witness's attendance, (2) that the witness is not absent by the procurement or consent of the

---

[8] *See Heiselbetz*, 906 S.W.2d at 511–12; *see also* Tex. R. App. P. 38.1(h).

defense, (3) that the motion is not made for delay, and (4) the facts expected to be proved by the witness. It must appear to the trial court that the facts are material. Mere conclusions and general averments are not sufficient for the court to determine their materiality, and the motion for continuance must show on its face the materiality of the absent testimony.[9]

Even assuming that the oral motion for continuance here was sufficient to invoke the equitable powers of the court, Appellant failed to show due diligence as required for a continuance because of an absent witness.[10] He has therefore not shown that the trial court abused its discretion by denying the continuance. We overrule Appellant's second issue.

Having overruled his other issues, we also overrule Appellant's fourth issue, in which he complains of cumulative error.

---

[9] *Harrison v. State*, 187 S.W.3d 429, 434 (Tex. Crim. App. 2005) (citations omitted).

[10] *See* Tex. Code Crim. Proc. Ann. art. 29.06(2) (Vernon 2006) (requiring motion for continuance to state "[t]he diligence which has been used to procure [a witness's] attendance"); *Dewberry v. State*, 4 S.W.3d 735, 756 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2001).

7

Having overruled all of Appellant's issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 26, 2009