

# NUMBER 13-12-00068-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JOSEPH MICHAEL LEMKE,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                           **Appellee.**

**On appeal from the 9th District Court
of Montgomery County, Texas.**

# MEMORANDUM OPINION[1]

**Before Justices Garza, Perkes, and Longoria
Memorandum Opinion by Justice Perkes**

Appellant Joseph Michael Lemke appeals his conviction of aggravated sexual

assault, a first-degree felony, *see* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West 2011),

enhanced by two prior felony convictions, *see id.* § 12.42 (West 2011). After the jury

found him guilty, the trial court assessed punishment at life imprisonment in the Texas

---

    [1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

Department of Criminal Justice, Institutional Division. By two related issues, appellant argues the trial court erroneously denied his (1) motion for continuance and (2) motion for appointment of expert assistance. We affirm.

## I. BACKGROUND[2]

In March 2010, a grand jury indicted appellant for aggravated sexual assault relating to appellant's alleged digital penetration of a child younger than fourteen.[3] In February 2011, appellant moved to discover information that was collected during the Texas Department of Family and Protective Services investigation of the case. On May 26, the State filed a notice of its intent to call certain witnesses, including Lawrence Thompson Jr., an "Expert Relating to Sexual Abuse Victims and Offenders."

On August 26, 2011, appellant filed a motion for appointment of expert assistance and a motion for continuance. Appellant's trial began on August 29, at which point appellant argued his two motions. The trial court denied the motions.

## II. MOTIONS FOR CONTINUANCE AND TO APPOINT EXPERT ASSISTANCE

By his first issue, appellant argues the trial court erred by denying his motion for continuance. Appellant requested a continuance to consult with an expert. Appellant's second issue claims the trial court erred by denying his motion for expert assistance. Given the interrelatedness of the two motions, we review appellant's two issues together.[4]

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[3] Appellant was indicted in a second count for indecency with a child by contact, but that count was later converted into a lesser-included count rather than an independent one.

[4] Appellant presented the two motions together before the trial court and addressed the two issues together in his brief.

**A.     Standards of Review and Applicable Law**

**1.     Motion for Continuance**

We review the trial court's denial of a motion for continuance for abuse of discretion.   *Gallo v. State*, 239 S.W.3d 757, 775 (Tex. Crim. App. 2007).   To establish abuse of discretion, an appellant must show that the denial of his motion resulted in actual prejudice.   *Wright v. State*, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000), *superseded by statute on other grounds as recognized by Coleman v. State*, No. AP-75478, 2009 WL 4696064, at *11 & 11 n.46 (Tex. Crim. App. Dec. 9, 2009) (not designated for publication); *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996) (en banc); *Duhamel v. State*, 717 S.W.2d 80, 83 (Tex. Crim. App. 1986) (en banc).

A continuance is not a matter of right.   *See* TEX. CRIM. PROC. CODE ANN. art. 29.06(6) (West 2006); *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995) (en banc).   Moreover, the court of criminal appeals has imposed a "diligence requirement as a precondition to continuance based on the need for additional trial preparation." *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010) (explaining *Wright*, 28 S.W.3d at 533).   A showing of diligence in attempting to secure an expert is required even if the appellant shows prejudice resultant from the trial court's refusal of a continuance.   *See id.*; *Wright*, 28 S.W.3d at 533.

**2.     Motion for Expert Assistance**

We review a trial court's denial of a motion for expert assistance for an abuse of discretion.   *See Griffith v. State*, 983 S.W.2d 282, 287 (Tex. Crim. App. 1998) (en banc);

3

*Perales v. State*, 226 S.W.3d 531, 536 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). An abuse of discretion occurs only when the trial judge's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).

*Ake v. Oklahoma* provides that an indigent defendant is entitled to expert assistance if "the expert can provide assistance which is likely to be a significant factor at trial." *Ex parte Jimenez*, 364 S.W.3d 866, 876 (Tex. Crim. App. 2012) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 74 (1985)). Three interests must be balanced in determining whether the State must provide such access:

> The first is the private interest that will be affected by the action of the State. The second is the governmental interest that will be affected if the safeguard is to be provided. The third is the probable value of the additional or substitute procedural safeguards that are sought, and the risk of an erroneous deprivation of the affected interest if those safeguards are not provided.

*Id.* (quoting *Ake*, 470 U.S. at 77).

On the other hand, "[t]he Supreme Court has stated that an indigent defendant is not entitled to the appointment of experts when he offers 'little more than undeveloped assertions that the requested assistance would be beneficial.' He must provide concrete reasons for requiring the appointment of any particular expert." *Id.* at 877–78 (citing *Caldwell v. Mississippi*, 472 U.S. 320, 323 n.1 (1985)). The court of criminal appeals referenced Professor LaFave's procedural guidelines: "The defense must identify the expert, explain what the expert will do, and explain why that will be important in representing the defendant." *Id.* at 878 (quoting WAYNE R. LAFAVE, CRIMINAL PROCEDURE § 11.2(e) at 654 (3d ed. 2007)). For these reasons, the court of criminal appeals

4

"reiterated the importance of presenting affidavits or other information to the trial judge in making the required threshold showing." *Id.* at 881–82 (citing *Williams v. State*, 958 S.W.2d 186, 193 (Tex. Crim. App. 1997) (en banc)).

## B. Discussion

Appellant moved to continue the trial so that he could consult Carmen Petzold, "a competent and qualified specialist in the field of forensic psychology or psychiatry." In his motion for expert assistance, appellant claimed Petzold was "necessary to enable [appellant] to prepare effectively for trial, present favorable evidence[,] and to cross-examine the [S]tate's witnesses. The evidence which will be the subject of expert opinion is critical to a determination of the child's testimony."

Appellant presented his two motions to the trial court on the first day of trial. Appellant wanted a continuance so his expert could review "CPS files and videos of the multiple children," noting that the expert review "would have to take several days." The trial court asked, "[W]hy haven't you already accomplished that?" Appellant responded that the State's July 22 delivery of the CPS files, which appellant requested in February, had left the defense with only fifteen days to consult an expert (the deadline for appointing experts was 21 days before trial began). Appellant asserted, "At this point, the State has already mentioned they are going to have an expert testify regarding this child's— regarding the child's statement. We think it's only fair that he [appellant] be able and allowed to have that same type of expert for that basis." The trial court denied appellant's motions.

Appellant's *Ake* motion did not specify to the trial court what, if anything, the expert would potentially glean by reviewing the case files. Of course, we do not discount an indigent defendant's right to have an expert available to "consult with counsel, to interpret records, to prepare counsel to cross-examine State's witnesses, and generally to help present appellant's defense in the best light." *Ex parte Jimenez*, 364 S.W.3d at 877 (quoting *DeFreece v. State*, 848 S.W.2d 150, 161 n. 7 (Tex. Crim. App. 1993) (en banc)). The defendant, however, must nevertheless make "a sufficient threshold showing of the need for expert assistance on a particular issue." *Id.* Here, appellant's mere affirmation to the trial court that he wanted an expert to review "all the facts . . . that have been developed by the State" was not sufficiently concrete to warrant appointing an expert. *See id.* at 878.

Moreover, in the written motion, appellant only conclusorily claimed an expert was necessary; he did not clarify how or why, and he did not attach any affidavits evidencing a need for expert assistance.

> In cases holding that a sufficient showing was not made under *Ake*, the defendant typically has failed to support his motion with affidavits or other evidence in support of his defensive theory, an explanation as to what his defensive theory was and why expert assistance would be helpful in establishing that theory, or a showing that there was reason to question the State's expert and proof.

*Id.* at 881–82 (quoting *Rey v. State*, 897 S.W.2d 333, 341 (Tex. Crim. App. 1995) (en banc)). We hold appellant failed to provide concrete reasons warranting continuing trial for the appointment of an expert and offered "little more than undeveloped assertions that the requested assistance would be beneficial." *See Ex parte Jimenez*, 364 S.W.3d at 878 (internal quotation omitted). Accordingly, the trial court's denial of the motion for

6

expert assistance was not so clearly wrong as to lie outside the zone of reasonable disagreement. *See Zuliani*, 97 S.W.3d at 595. The trial court did not abuse its discretion in denying appellant's motion for expert assistance.

Likewise, the trial court did not abuse its discretion in denying appellant's motion for continuance, especially given that the trial court properly denied his motion for expert assistance. Appellant's assertion that the defense should be entitled to an expert because the State intended to use one did not inform the trial court why appellant had failed to already secure an expert. The State divulged its intent to use an expert and the expert's specialty in May 2010, leaving appellant ample time to locate an expert. Appellant's complaint about the tardy delivery of CPS files did not explain why he failed to earlier seek expert assistance, a continuance, or even the court's permission to alter or waive the twenty-one day pre-trial deadline under the circumstances. Appellant did not satisfy the diligence precondition to a continuance. *See Gonzales*, 304 S.W.3d at 843; *Wright*, 28 S.W.3d at 533. The trial court did not abuse its discretion in denying appellant's motion for continuance.

We overrule appellant's first and second issues.

### III.   CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
24th day of October, 2013.

7